**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MALIK JONES, | No. 11-17348 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-04277-CW |
| v. | |
| MIKE EVANS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

California state prisoner Malik Jones appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force and

deliberate indifference to safety.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo the district court's dismissal for failure to exhaust. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Jones's action because Jones did not properly exhaust administrative remedies, and failed to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable"); *see also Harvey v. Jordan*, 605 F.3d 681, 684 (9th Cir. 2010) (fifteen-day filing period begins to run when the inmate has all the information he needs in order to file a grievance).

**AFFIRMED.**